MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MULTICRAFT IMPORTS, INC., a Canadian Corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>MARIPOSA USA, INC., a California Corporation d/b/a ANGELS CRAFT; ANGELS CRAFT, INC., a California Corporation d/b/a/ ANGELS CRAFT; SANG GYU PARK an individual d/b/a ANGELS CRAFT; and DOES 1 through 20,<br><br>    Defendants and Counterclaimaints.<br><br>And All Counterclaims. | Case No.  2:16-CV-03975 DMG (AJWx)<br><br>Assigned to:<br>Honorable Judge Dolly M. Gee<br><br>**ORDER ON STIPULATION FOR PROTECTIVE ORDER** |

The Court having read the Stipulation for Protective Order of the parties, and good cause appearing thereof,

IT IS ORDERED AS FOLLOWS:

## PROTECTIVE ORDER

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or information considered by the producing party as a trade secret for which special protection from public disclosure and from use for any purpose other than prosecuting this or related litigation would be warranted. Accordingly, the parties hereby agree to enter the following Protective Order.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 9, below, that this Protective Order creates no entitlement to file confidential information under seal; the Central District of California Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that contain non-public financial, personal, or business information.

2.4 <u>"Confidential-Attorney's Eyes Only" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that contain highly confidential, proprietary, and/or trade secret information.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY.

2.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY.

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

///

3. SCOPE. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION. This Protective Order shall protect all Disclosures or Discovery Material provided subsequent to the date all signatures are affixed hereto and continue in perpetuity. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect indefinitely until a Designating Party specifically agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

    5.1 Manner and Timing of Designations. Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

    (a) for a Designating Party, placing the plainly visible legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of the materials or physically on the outside of any media containing or storing electronic documents, data, or material, prior to production;

    (b) for a Receiving Party, within twenty-one (21) days after receipt of materials not previously designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by a Producing Party, by placing the plainly visible legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of the materials or physically on the outside of any media containing or storing electronic documents, data, or material, prior to production and notifying all parties of such designation no later than said twenty-one (21) day period;

    (c) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on

the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty-one (21) days from the date the final transcript is provided by the court reporter to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection by notice to counsel and the court reporter within the twenty-one (21) days shall be covered by the provisions of this Protective Order.

5.2 <u>Inadvertent Failures to Designate</u>. Notwithstanding Section 5.1 above, if timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY does not, standing alone, waive any Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY after the material was initially produced, all Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. Failure to take prompt or appropriate action to rectify any inadvertent production within a reasonable time after materials are produced without designation may, in appropriate circumstances, result in a loss of confidentiality or secrecy.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation,

a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain, in writing, the basis for its belief that the confidentiality designation was not proper and must give the Designating Party seven (7) calendar days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>.

(a) A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this or related litigation. Such Protected

Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10, below (FINAL DISPOSITION).

   (b) Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

   (c) Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Protected Material. In rendering such advice and otherwise communicating with the client, Outside Counsel shall comply with the terms of this Protective Order.

  7.2 <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A); and

(f) the author or recipient of the document, the original source of the information, or a person who reviewed the document prior to the commencement of the litigation, who has signed the Agreement To Be Bound by Protective Order (Exhibit A).

7.3 <u>Disclosure of CONFIDENTIAL-ATTORNEY'S EYES ONLY Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL-ATTORNEY'S EYES ONLY only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A); and

(e) the author or recipient of the document, the original source of the information, or a person who reviewed the document prior to the commencement of the litigation, who has signed the Agreement To Be Bound by Protective Order (Exhibit A).

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the

unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **FILING PROTECTED MATERIAL**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Central District of California Local Rule 79-5.1.

10. **FINAL DISPOSITION**. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, other than that which is contained in pleadings, correspondence between the parties, and deposition transcripts, shall either: (a) return such documents to counsel for the party or nonparty who provided such information; or (b) destroy such documents. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) above.

11. **THIRD PARTY DOCUMENTS PRODUCED PURSUANT TO SUBPOENA**. For documents produced pursuant to subpoena or subpoena duces tecum or in other proceedings outside of open court or trial, that any party or non-party believes should be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY", that Designating Party shall have a right up to twenty-one (21) days to designate the

document to which protection is sought. The twenty-one (21) day period shall run from the date the documents are produced by the third party. During the initial fourteen (14) day period documents produced by a third party shall be treated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" until the twenty-one (21) day designation period has expired. Only those documents that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Protective Order. The Designating Party shall be required to provide notice detailing those documents that are being designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

12.   DESIGNATIONS FOR PRE-TRIAL ONLY

The designations made under this Protective Order and the legends used to make those designations are for pretrial purposes only. This Order does not apply to evidence presented at trial. If this matter proceeds past pretrial, the Parties will need to take up the matter of any continuing confidentiality of materials (designated under this Order or otherwise), with the judicial officer conducting the proceeding at the appropriate time. The failure to challenge a designation or the submission of a designated document to the Court shall not be held to be an admission or to create a presumption that a designated document or thing is or was confidential and shall not be admissible in Court for any reason. Further, at any jury trial in the action, prior to introducing the document as an exhibit or showing it to the jury, all confidentiality designations made pursuant to this Protective Order shall be removed from the document, except to the extent that the Court may have issued further Orders as contemplated above.

13.   MISCELLANEOUS

13.1   Right to Further Relief. All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of Court. Parties to this Action who are not listed herein or who

become parties to this Action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto.

       13.2   <u>Right to Assert Other Objections</u>.  By entering into this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

       13.3   <u>Jurisdiction</u>.  The Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: _December 16_____, 2016     _____

                                           Honorable Judge Andrew J. Wistrich
                                           Magistrate Court Judge

# **EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the District Court for the Central District of California in the case of *MultiCraft Imports, Inc. v. Mariposa USA, Inc., et al.*, Case No. 2:16-cv-03975-DMG-AJWx. ***I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.***

I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

Printed Name: _____

Signature: _____

Myers Berstein LLP
4 Executive Circle, Suite 100
Irvine, California 92614

# DECLARATION OF ELECTRONIC SERVICE

**Central District of California Case No. 2:16-cv-03975-DMG-AJWx**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 14, 2016, at Irvine, California.

By: /s/ Timothy A. Schneider
      Timothy A. Schneider